AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>One Apple iPhone 11 Pro Max and one Motorola G<br>Stylus located at 210 Kanawha Boulevard West,<br>Charleston WV 25302 | )<br>)<br>)    Case No.    2:24-mj-00056<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ West Virginia _____ *(identify the person or describe the property to be searched and give its location)*:

One Apple iPhone 11 Pro Max and one Motorola G Stylus located at 210 Kanawha Boulevard West, Charleston WV 25302, further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ___Apr 15, 2024___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___United States Magistrate Judge Dwane L. Tinsley___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: ___Apr 11, 2024 4:20 pm___          _____
                                                                  *Judge's signature*

City and state:    ___Charleston, West Virginia___         ___United States Magistrate Judge Dwane L. Tinsley___
                                                                  *Printed name and title*

**FILED**

APR 3 0 2024

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 2:24-mj-00056 | Date and time warrant executed: April 10, 2024 | Copy of warrant and inventory left with: |
|---|---|---|

| Inventory made in the presence of: CFA Pickering |
|---|

Inventory of the property taken and name of any person(s) seized:

Contents contained in Apple Iphone 11 and Motorola G.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: April 25, 2024

_____
Executing officer's signature

christpr Yonnell
_____
Printed name and title

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The items that are the subject of this search are one Apple iPhone 11 Pro Max cellphone and one Motorola G Stylus cellphone (the "**TARGET DEVICES**"), depicted below. The items are currently in the possession of HSI and are located at 210 Kanawha Boulevard West, Charleston, West Virginia 25302. This warrant authorizes the forensic examination of the **TARGET DEVICES** for the purpose of identifying electronically stored information described in Attachment B.






Apple iPhone 11 Pro Max                    Motorola G Stylus

## ATTACHMENT B

### ITEMS TO BE SEIZED AND SEARCHED

Authorization is sought to search for and seize evidence that relates to violations of 18 U.S.C. §§ 2251, 2252A, and 2422(b). This authorization includes the search of electronic data, to include deleted data, remnant data and slack space. Items to be seized include the following:

1.      All records that relate to violations of 18 U.S.C. §§ 2251 and 2252A, the production, receipt, distribution, and possession of child pornography, or 18 U.S.C. § 2422(b), enticement of a minor.

2.      Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and in-app communications, other digital data files and web cache information) pertaining to or concerning the production, distribution, receipt or possession of child pornography, visual depictions of minors engaged in sexually explicit conduct, or sexual activity involving minors.

3.      In any format and medium, all visual depictions of minors engaged in sexually explicit conduct or child erotica.

4.      Any and all records and correspondence, including e-mail, chat logs, electronic messages, and in-app communications, identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography or any visual depictions of minors engaged in sexually explicit conduct.

5.      Any and all correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, in-app communications, and other digital data files) concerning communications between individuals about child pornography or the existence

of sites on the internet that contain child pornography or that cater to those with an interest in child pornography.

6.    Any and all correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and in-app communications, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

7.    Any and all records, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and in-app communications, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

8.    Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all records, in any format or medium (including, but not limited to, e-mail messages, chat logs, electronic messages, and in-app communications, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography or any visual depiction of minors engaged in sexually explicit conduct.

9.    Any and all correspondence including e-mail, chat logs, electronic messages, and in-app communications, involving any threats of violence.

10.    Any and all correspondence including e-mail, chat logs, electronic messages, and in-app communications, soliciting minors, purported minors, or suspected minors to engage in sexual activity or produce or send sexually explicit images or videos.

2

11. Any and all records reflecting personal contact and any other activities with any minors visually depicted while engaged in sexually explicit conduct.

12. Records and other correspondence, including but not limited to e-mail, chat logs, electronic messages, and in-app communications, that concern any accounts with an internet service provider.

13. Records of internet protocol addresses used.

14. Records of internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorited" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses. Evidence of who used, owned, or controlled the digital device or other electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, e-mail contacts, "chat," instant messaging logs, photographs, and correspondence.

15. Evidence of software that would allow others to control the digital device or other electronic storage media, such as viruses and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software, and evidence of the lack of such malicious software.

16. Evidence of the attachment to the digital device of other storage devices or similar containers for electronic evidence.

17. Evidence of the use by any other device of any wireless hot spot provided by the digital device.

18. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the digital device or other electronic storage media.

3

19.     Evidence of the times the digital device or other electronic storage media was used.

20.     Passwords, encryption keys, and other access devices that may be necessary to access the digital device or other electronic storage media.

21.     Contextual information necessary to understand the evidence described in this attachment.

22.     Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

a.      tending to indicate efforts to produce, distribute, receive, possess or view images of minors engaged in sexually explicit conduct;

b.      tending to indicate efforts to persuade, induce, entice, or coerce any minor to engage in sexual activity or to produce child pornography;

c.      tending to identify other facilities, storage devices, or services—such as email addresses, internet protocol addresses, phone numbers—that may contain electronic evidence tending to indicate the presence of images of minors engaged in sexually explicit conduct;

d.      tending to identify co-conspirators, criminal associates, or others involved in the distributing, receiving, or possessing of images of minors engaged in sexually explicit conduct;

e.      tending to identify travel to or presence at locations that concern the existence of images of minors engaged in sexually explicit conduct or sexual activity involving minors;

f.      tending to identify the user of, or persons with control over or access to, the subject phone; or

g.      tending to place in context, identify the creator or recipient of, or establish

4

the time of creation, receipt or modification of communications, records, or data above.

5